# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARAH ROMANO, | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| ENHANCED RECOVERY | ) |
| COMPANY, LLC, | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| Defendant | ) |

## COMPLAINT

SARAH ROMANO ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ENHANCED RECOVERY COMPANY, LLC ("Defendant"):

## INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the Commonwealth of Massachusetts and therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in East Longmeadow, Massachusetts 01028.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. 15 U.S.C. §1692k(a); see also Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a corporation with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256.

9. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

10. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all relevant times herein, Defendant was attempting to collect an alleged consumer debt and contacted Plaintiff in its attempts to collect that debt.

13. The alleged debt at issue, an AT&T personal cellular telephone bill, arose out of transactions primarily for personal, family or household purposes.

14. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by her could have only arisen from financial obligations for primarily personal, family or household purposes.

15. Beginning in or around early January 2015, Defendant began contacting Plaintiff on her cellular telephone in an attempt to collect the alleged debt.

16. Specifically, on or about January 12, 2015, defendant mailed correspondence to Plaintiff seeking and demanding payment of $318.24. <u>See</u> Exhibit A, Defendant's January 12, 2015, letter to Plaintiff.

17. Plaintiff disputes owing the alleged debt.

18. Thereafter, on or about January 19, 2015, Defendant called Plaintiff.

19. Plaintiff informed Defendant that she did not owe the amount it was seeking to collect and to stop calling her.

20. Defendant's actions, as described herein, were taken with the intent to annoy and harass Plaintiff.

**COUNT I**
**<u>DEFENDANT VIOLATED §§ 1692e, 1692e(2)(A) and 1692e(10) OF THE FDCPA</u>**

21. A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

22. A debt collector violates § 1692e(2)(A) of the FDCPA by falsely representing the character, amount, or legal status of any debt.

23. A debt collector violates § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

24. Defendant violated §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA when it falsely represented the character and amount of the alleged debt.

## COUNT II
## DEFENDANT VIOLATED §§ 1692f and 1692f(1) OF THE FDCPA

39. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

40. A debt collector violates § 1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

41. Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA engaging in other unfair and unconscionable debt collection practices, including collecting an amount form Plaintiff that was not permitted by the agreement.

WHEREFORE, Plaintiff, SARAH ROMANO, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

  d.  Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SARAH ROMANO, demands a jury trial in this case.

            Respectfully submitted,

Dated: 08-21-15       By: */s/ Craig Thor Kimmel*
              CRAIG THOR KIMMEL
              BBO# 662924
              Kimmel & Silverman, P.C.
              30 E. Butler Pike
              Ambler, PA 19002
              Phone: (215) 540-8888
              Fax: (877) 788-2864
              Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT